[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR NEW TRIAL DATED 11/5/93
On October 28, 1993, a jury of six persons (five whites and one Afro-American) found Marvie Brye guilty of escape in the first degree, in violation of 53a-169 (a)(2) of the Connecticut CT Page 10714 General Statutes.[1] After rendering the verdict of guilty, the jurors were individually polled and the court accepted the verdict. Thereafter, Brye (also an Afro-American), on November 5, 1993, filed this motion wherein he alleges in part:
 1. The verdict of guilty was tainted due to juror misconduct, to wit, jurors made a number of racist remarks about the defendant during jury deliberations which was a factor in their finding of guilty and also attempted to coerce one juror's belief so as to comply with the majority opinion;[2]
 2. Said misconduct rendered the jurors unfair or partial and deprived the defendant of a fair and impartial jury as is guaranteed by the due process and equal protection provisions of the United States and Connecticut constitutions. U.S. Const., Amends. V, VI, XIV; Conn. Const., art. I, secs. 8, 20. . . .
Brye in his Memorandum of Law in Support of Motion for New Trial, dated November 17, 1993, sets forth that the alleged racially discriminatory remarks made by jurors during their deliberations were
 "I know `that neighborhood' better than anyone and I'm sure he is guilty;" "the defendant was simply not worth all this time and trouble;" and "Joan, he's an animal; don't you want his kind off the street? He should be put away for a long time or he'll get out and come after us. Aren't you afraid?" Id. at p. 6.
Brye, in support of his claims, filed the November 17, 1992 affidavit of Dr. Joan Kellogg Renz, a white juror and an associate dean at a local university. Dr. Renz also testified during a November 19, 1993 evidentiary hearing. Subsequently, on December 2, 1993, Roland Johnson, a juror, and an Afro-American minister from the Waterbury community, testified.[3]
FINDINGS OF FACT
From the evidentiary record made in connection with this motion, the court makes the following findings of fact.
From virtually the commencement of the jury deliberations, the jurors were five to one in favor of finding Brye guilty. As CT Page 10715 Dr. Renz herself revealed, she was the lone holdout.
In the course of the jury deliberations, the word "animal" was used to describe Brye, together with other negative characterizations. However, such characterizations of Brye arose out of the conviction of the five jurors that Brye was a prisoner and a criminal guilty of the escape charge. Such characterizations, in the opinion of the court, were not the fruit of jurors with racist minds.
CONCLUSION
We conclude beyond a reasonable doubt that the verdict rendered in this trial was delivered by a fair and impartial jury of six persons and that Marvie Brye's rights to such a fair and impartial jury secured to him under the United States and Connecticut Constitutions were not infringed. State v. Rodriguez, 210 Conn. 315, 326-27 (1989).
The motion for a new trial is denied.
So ordered.
WILLIAM PATRICK MURRAY, J. A Judge of the Superior Court